IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:25-CV-00005-M-RN

| | |
|---|---|
| AMOS L. VAUGHAN, in his capacity as administrator of the estate of Anna Ruth Vaughan, ) ) ) ) | |
| Plaintiff, ) | ORDER |
| ) | |
| v. ) ) | |
| AHOSKIE HEALTH AND REHABILITATION, et al., ) ) ) | |
| Defendants. ) ) ) | |

This matter comes before the court on the entity Defendant Ahoskie Health and Rehabilitation's ("Defendant") Motion to Dismiss Pursuant to Rule 12(b)(6) [DE 14]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II issued a memorandum and recommendation ("M&R"), recommending that this court deny the motion to dismiss. DE 22. Judge Numbers instructed the parties to file any written objections to the recommendation within fourteen days after service of the M&R, or August 25, 2025. *Id.* The Plaintiff filed an "objection," in which he states that he "has complied with all rules and laws" and that "this case should proceed to trial." DE 25. Defendant also filed a timely objection. DE 26. The matter is now ripe for consideration by this court.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord*

*Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

First, the court finds that Plaintiff identifies no portion of the M&R to which he objects; in fact, Judge Numbers ruled in Plaintiff's favor. Accordingly, the court will not conduct a de novo review of the M&R based on Plaintiff's filed "objection."

Second, Defendant concedes that the procedural issue raised in its motion to dismiss has been rendered moot and lodges no meaningful objection to Judge Numbers' finding that Rule 9(j) of the North Carolina Rules of Civil Procedure, which requires review of a malpractice claim by a medical professional, does not apply to Plaintiff's Eighth Amendment claim. *See* DE 26 at 1-2.[1] Defendant also admits that it "did not initially brief the Eighth Amendment claim in its motion to dismiss," then proceeds to argue that the Amended Complaint fails to state a plausible Eighth Amendment violation and requests dismissal of the claim. *Id.* at 2-5.

Rule 7(b) of the Federal Rules of Civil Procedure provides that "[a] request for a court order must be made by motion." This court will not entertain a novel request for dispositive relief made in an "objection" or response brief, which has not been addressed by the magistrate judge and to which a litigant—in this case, one proceeding pro se—may not (or may not know to) respond. *Cf. Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 278 (4th Cir. 2022) (citing *Cozzarelli v. Inspire Pharmaceuticals*, 549 F.3d 618 (4th Cir. 2008)) (finding that requests for

---

[1] To the extent that Defendant's brief reiteration of its Rule 9(j) argument (DE 26 at 2) may be construed as an objection to the M&R, Defendant fails to identify any error in the M&R on this issue.

relief made in footnotes in the parties' briefs "did not qualify as motions" under Rule 7). Nothing prevents Defendant from seeking the same relief in a properly supported motion that complies with the applicable federal and local rules. Finding no proper objection lodged by the Defendant, the court will not conduct a de novo review of the M&R.

Therefore, upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, the Defendant's motion [DE 14] is DENIED. This case will proceed on the discovery plan and schedule issued by the magistrate judge.

SO ORDERED this 17th day of September, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE