IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:25-CV-00005-M-RN

| | |
|---|---|
| AMOS L. VAUGHAN, in his capacity as administrator of the estate of Anna Ruth Vaughan, <br><br>　　　　Plaintiff, <br><br>v. <br><br>AHOSKIE HEALTH AND REHABILITATION, et al., <br><br>　　　　Defendants. | ORDER |

　　This matter comes before the court on the entity Defendant Ahoskie Health and Rehabilitation's ("Defendant") second Motion to Dismiss Pursuant to Rule 12(b)(6) [DE 32]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II issued a memorandum and recommendation ("M&R"), recommending that this court grant the motion and dismiss this action. DE 38. Judge Numbers instructed the parties to file any written objections to the recommendation within fourteen days after service of the M&R, or December 29, 2025. *Id.* The Plaintiff filed a letter, which the court construes as a timely "objection." DE 39. The matter is now ripe for consideration by this court.

　　A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

First, the court notes that Defendant has filed an Answer to the operative Amended Complaint. See DE 11. Accordingly, the motion to dismiss will be converted to and considered as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See Gelin v. Maryland*, 132 F.4th 700, 709 (4th Cir. 2025) (noting that the legal standards under both Rules 12(b)(6) and 12(c) are identical).

Second, the court finds that Plaintiff identifies no specific portion of the M&R to which he objects, except to state broadly, "Plaintiff does not believe that the Eighth Amendment is inapplicable as this court has stated" and asserts he "does not believe the Eight[h] Amendment only applies to those who are incarcerated or in prison." Plaintiff cites the Supreme Court's opinion in *Neitzke v. Williams*, 490 U.S. 319 (1989), but that case involves claims by an inmate. Otherwise, Plaintiff fails to rebut prevailing law holding that, to state a plausible Eighth Amendment violation, the plaintiff must allege that the defendant acted under state law and that the person whose rights were purportedly violated was convicted of a crime. *See* M&R, DE 38 at 6. Because he specifies no proposed finding or recommendation by Judge Numbers, the court will not conduct a de novo review of the M&R.

Therefore, upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, the Defendant's motion [DE 32] is GRANTED. Plaintiff's claims against Ahoskie Health and Rehabilitation are DISMISSED.

2

In addition, the court notes that Defendants Dr. Steven Ferguson and Dr. Semman El-Khoury have not appeared in this case. The court DIRECTS the Clerk of the Court to determine whether notice must be issued to the Plaintiff concerning service on these Defendants.

SO ORDERED this __3d__ day of February, 2026.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE